IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

DEWANNA SUELL

      Plaintiff,

v.

STATE FARM LLOYDS,

      Defendant.

NO.1:22-CV-409-MAC-ZJH

## REPORT AND RECOMMENDATION

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and has been referred to the undersigned for pretrial management.  Doc. No. 4.  Pending before the court is Defendant State Farm Lloyds's ("State Farm") *Motion to Limit Attorneys' Fees* (Doc. No. 6).  State Farm contends that Plaintiff Dewanna Suell did not provide State Farm with sixty (60) days' notice of her claim, as required by Texas law.  Because of that alleged failure, State Farm seeks to prevent Suell from recovering any attorney's fees incurred after the motion's filing date.  Suell has not filed a response.  As Suell failed to provide notice to State Farm at least sixty-one (61) days before filing her lawsuit, and has not filed a responsive pleading providing evidence in the alternative, the undersigned recommends granting State Farm's instant motion.  As such, Suell is not entitled to attorneys' fees past October 14, 2022.

### I.  Background

This diversity case involves a dispute over benefits under a State Farm homeowners' insurance policy issued to Suell.  Doc. No. 2.  According to Suell, her property in Jasper, Texas sustained "extensive wind damage" and "significant" water damage from both Hurricanes Laura and Delta, on August 26, 2020, and October 9, 2020, respectively.  Doc. No. 2, ¶¶ 8-9.  Suell

promptly submitted an insurance claim, requesting State Farm cover the cost of the repairs to her property. *Id.*, ¶ 10. State Farm sent an adjuster to Suell's property, who "returned an insufficient estimate." Ex.1, Doc. No. 6-1 at 2; Doc. No. 2, ¶ 11.

On July 7, 2022, Suell's counsel sent State Farm a 542A demand. Ex. 1, Doc. No. 6-1. On August 23, 2022, Suell filed her lawsuit in state court. Doc. No. 2. On September 16, 2022, State Farm filed its answer in state court. Doc. No. 3. On September 28, 2022, State Farm timely removed the action to federal court. Doc. No. 1; *see* 28 U.S.C. § 1446(b)(1). On October 14, 2022, State Farm filed the pending *Motion to Limit Attorneys' Fees*. Doc. No. 6. Suell has not filed a response.[1]

## II.  <u>Discussion</u>

Suell brings several causes of action against State Farm, including breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of Chapter 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. *See generally* Doc. No. 2. There is a pre-suit notice requirement found in § 542A of the Texas Insurance Code that applies to such claims. TEX. INS. CODE ANN. § 542A.002. The purpose of the notice requirement is "to discourage litigation and encourage settlements." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (internal citation and quotations omitted).

Although the U.S. Court of Appeals for the Fifth Circuit has not decided whether the notice provisions are state substantive law, most district courts in Texas have found that the notice provisions apply in federal court. *See Davis v. State Farm Fire & Cas. Ins. Co.*, No. 4:18-CV-75, 2018 WL 3207433, at *3 ("[A]lthough providing sufficient notice is a procedural process, federal

---

[1] Pursuant to Local Rule CV-7, because Suell has failed to respond to the instant motion, the undersigned will presume that Suell "does not controvert the facts set out by [State Farm] and has no evidence to offer in opposition to the motion." Local Rule CV-7(d).

courts should apply the notice provision in § 542A because its purpose is intertwined with Texas's

substantive policy.") (collecting cases); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). The statute

reads:

> (a) . . . [N]ot later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.

> (b) The notice required . . . must provide:
>     (1) a statement of the acts or omissions giving rise to the claim;
>     (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
>     (3)  the amount of reasonable and necessary attorney's fees incurred by the claimant . . .

> (c) If an attorney or other representative gives the notice . . . on behalf of a claimant, the attorney or representative shall:
>     (1) provide a copy of the notice to the claimant; and
>     (2) include in the notice a statement that a copy of the notice was provided to the claimant.

TEX. INS. CODE ANN. § 542A.003(a)-(c).  Loss of recoverable attorneys' fees is also a potential

consequence of failing to provide sixty days' notice:

> If a defendant . . . pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, *the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court*. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

TEX. INS. CODE ANN. § 542A.007(d) (emphasis added).

Here, State Farm argues that Suell failed to provide State Farm with sixty days' notice before filing suit.  Therefore, State Farm asks the court to preclude Suell from recovering any attorneys' fees incurred after the date State Farm filed its motion—October 14, 2022.  Doc. No. 6; § 542A.007(d).

Indeed, less than sixty days have passed from the time Suell provided her 542A demand to State Farm (July 7, 2022) to the time she filed suit (August 23, 2022).  Here, the interim between when Suell provided pre-suit notice and the date of filing her case was forty-seven (47) days, rather than the statutorily mandated sixty-one (61) days.  § 542A.003(a).  Moreover, Suell has not filed a response providing an explanation for the failure to comply with the Texas Insurance Code, nor evidence of a different interim period.  Additionally, State Farm has timely filed the current motion less than thirty (30) days after filing its answer.  § 542A.007(d).  As such, the undersigned has no alternative but to grant State Farm's motion to limit attorney's fees.  § 542A.003(b)(2), § 542A.007(d).

### III.  <u>Recommendation</u>

For the reasons stated above, the undersigned recommends that State Farm's *Motion to Limit Attorneys' Fees* (Doc. No. 6) be **GRANTED**.

### IV.  <u>Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c).  A party who objects to this Report is entitled to a *de novo*

determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of November, 2022.

_____
Zack Hawthorn
United States Magistrate Judge